IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Corsmeier Industrial, Inc. *et al.*, : | |
| : | Case No. 1:08-cv-285 |
| Plaintiffs, : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER GRANTING MOTION FOR |
| Pearl Abrasive Company, *et al.*, : | REMAND AND DENYING MOTION |
| : | FOR FEES AND COSTS |
| Defendants. : | |

This matter is before the Court on Plaintiffs' Motion to Remand (doc. 13), Defendant Hitachi-Koki Company, Ltd's Motion for Fees and Costs Incurred in Seeking Removal (doc. 12), and Defendant Hitachi-Koki Company, Ltd's Motion to Dismiss and to Quash Attempted Service of the Second Amended Complaint (doc. 15).  For the reasons that follow, the Court will **GRANT** Plaintiffs' Motion to Remand and **DENY** Defendant's Motion for Fees and Costs, but the Court will not adjudicate Defendant's Motion to Dismiss and to Quash.

**I.     BACKGROUND**

Plaintiffs originally filed this action in the Hamilton County, Ohio Court of Common Pleas on June 22, 2007 asserting state law tort claims against Pearl Abrasive Company and Western Steel Cutting.  (Doc. 1-2.)  On March 21, 2008 Plaintiffs filed an Amended Complaint in state court adding Hitachi-Koki Company, Ltd. as a defendant.  (Doc. 5-3.)  On April 24, 2008, Hitachi-Koki removed the action to this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).  (Doc. 1.)

Attorney Donald R. Caster entered an appearance for Plaintiffs for the first time on June 16, 2008.  Plaintiffs on that same day moved for leave to file a Second Amended Complaint

adding Cincinnati Electrical Repair as a defendant. (Docs. 7 & 7-2.) The Court granted Plaintiffs' motion and the Second Amended Complaint was filed on June 25, 2008. (Docs. 9 & 11.)

Also on June 25, 2008, in an anticipatory move, Hitachi-Koki filed its Motion for Fees and Costs Incurred in Seeking Removal. (Doc. 12.) Shortly thereafter, on June 30, 2008, Plaintiffs filed their Motion to Remand the action to state court. (Doc. 13.) On July 1, 2008 Hitachi-Koki filed its Motion to Dismiss and to Quash Attempted Service of the Second Amended Complaint. (Docs. 15.) Plaintiffs and Hitachi-Koki oppose each other's motions. The three pending motions are ripe for adjudication.

## II. ANALYSIS

The filing of the Second Amended Complaint has destroyed diversity jurisdiction. Both Plaintiffs are alleged to be citizens of Ohio and Defendant Cincinnati Electrical Repair is alleged to be a citizen of Ohio. (Doc. 11 ¶¶ 1-2, 6.) The Court takes judicial notice pursuant to Federal Rule of Evidence 201 that Cincinnati Electrical Repair is registered as a domestic limited liability company on the website for the Ohio Secretary of State. Therefore, the dispute is no longer between "citizens of different States." 28 U.S.C. § 1332(a)(1). The federal remand statute states that a case "*shall* be remanded" if it appears "at any time before final judgment" that a district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added). Additionally, the remand statute also explicitly provides the Court with discretion to permit joinder of non-diverse additional defendants and to remand the action to state court. 28 U.S.C. § 1447(e). Accordingly, this action shall be remanded to the Hamilton County, Ohio Court of Common Pleas.

Hitachi-Koki requests that the Court rule upon its motion to dismiss prior to adjudicating the remand motion.  However, the Court has discretion to adjudicate the remand motion first.  Charles Alan Wright, *et al.*, 14C Federal Pract. and Proc. § 3739 at 462-64 (1998).  Because the subject matter jurisdiction inquiry was not arduous, "both expedition and sensitivity to state courts' coequal stature [ ] impel [this] [C]ourt to dispose of that issue first."  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999); see also, e.g., National Bus. Dev. Servs., Inc. v. American Credit Educ. & Consulting, Inc., No.  07-14841, 2008 WL 186367, *1 (E.D. Mich. Jan. 18, 2008) ("Because Plaintiff's Motion to Remand raises a preliminary question about the appropriateness of federal court jurisdiction in this matter, it shall be addressed first [before Defendants' Motion to Dismiss]."); Cadle Co. v. Reiner, Reiner & Bendett, P.C., No. 4:06 CV 1873, 2006 WL 3064092, *1-2 (N.D. Ohio Oct. 26, 2006) (ruling upon remand motion before earlier filed motion to dismiss).  The Court, having determined to remand, will not rule upon Hitachi-Koki's dismissal motion.

Turning to Hitachi-Koki's fees motion, the federal remand statute authorizes an award of costs and fees.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Based on the Court's research, this provision is applied to award fees and costs to a plaintiff who successfully moves for remand after an improper removal.  See e.g., Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007) (fees awarded to plaintiff after improper removal); Ferron v. DIRECTV, Inc., No. 2:07-cv-

01133, 2008 WL 360684, *2 (S.D. Ohio Feb. 6, 2008) (denying fees to plaintiff where removal was objectively reasonable). Hitachi-Koki has cited no cases to support the proposition that § 1447(c) can be used to award fees to a defendant who properly removed an action which was later remanded. At least one district court in the Sixth Circuit has found that a defendant is not entitled to fees or costs in such circumstances. Loose v. City of Dearborn Hts., No. 06-15063, 2007 WL 674776, *2 (E.D. Mich. Feb. 28, 2007). The Motion for Fees and Costs, accordingly, is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (doc. 13) is **GRANTED** and the Clerk of Courts is directed to **REMAND THIS ACTION TO THE HAMILTON COUNTY, OHIO COURT OF COMMON PLEAS**. Additionally, Defendant Hitachi-Koki Motion for Fees and Costs Incurred in Seeking Removal (doc. 12) is **DENIED**. Finally, the Court makes no decision as to Defendant Hitachi-Koki's Motion to Dismiss and to Quash the Attempted Service of the Second Amended Complaint (doc. 15).

IT IS SO ORDERED.

    s/Susan J. Dlott  
Susan J. Dlott  
United States District Judge